# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| Tracey Doss, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, AR Resources, Inc., a foreign corporation, and Credit Bureau of Bessemer, Inc., a domestic corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, TRACEY DOSS, BY AND THROUGH COUNSEL, MATTHEW LANDREAU, ESQ., and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the Birmingham, Jefferson County, Alabama.

4. Venue is proper in the Northern District of Alabama, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in Birmingham, Jefferson County, Alabama.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Alabama;

    b. AR Resources, Inc. ("AR Resources") is a foreign corporation that conducts business in the State of Alabama; and

    c. Credit Bureau of Bessemer, Inc. ("Credit Bureau") is a domestic corporation that conducts business in the State of Alabama.

## GENERAL ALLEGATIONS

7. AR Resources and Credit Bureau (collectively "Furnishers") are inaccurately reporting their tradelines (collectively "Errant Tradelines") with an erroneous

account status of open and remarks of bankruptcy discharged on Plaintiff's Equifax credit disclosure.

8. The debt reflected by the Errant Tradelines were discharged in Plaintiff's Chapter 7 Bankruptcy.

9. A collection item cannot report as open and as discharged in bankruptcy as the debt has been extinguished. The Errant Tradelines should be reported with an account status as closed.

10. On October 7, 2019, Plaintiff obtained her Equifax credit disclosure. While reviewing her credit disclosure, Plaintiff noticed the Errant Tradelines inaccurately reporting with erroneous account status of open.

11. On or about December 16, 2019, Plaintiff submitted letters to Equifax, disputing the Errant Tradelines.

12. In her dispute letters, Plaintiff explained that the debt reflected by the Errant Tradelines were discharged in her Chapter 7 Bankruptcy petition and thus the collection item cannot report as open. Plaintiff asked Equifax to report the Errant Tradelines with an account status as closed.

13. Equifax forwarded Plaintiff's consumer dispute to the Furnishers.

14. The Furnishers received Plaintiff's consumer dispute from Equifax.

15. Plaintiff had not received Equifax's investigation results. Therefore, on February 4, 2020, Plaintiff obtained her Equifax credit disclosure, which

showed that Equifax and the Furnishers failed or refused to report Errant Tradelines with an account status as closed.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AR RESOURCES

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous reporting of the account status on the Errant Tradeline, AR Resources negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

19. AR Resources negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by

15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradeline with an account status as closed.

20. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

21. As a direct and proximate cause of AR Resources' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. AR Resources is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Plaintiff has a private right of action to assert claims against AR Resources arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant AR Resources for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AR RESOURCES**

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, AR Resources willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

26. AR Resources willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of AR Resources' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. AR Resources is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant AR Resources for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT BUREAU**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous reporting of the account status of the Errant Tradeline, Credit Bureau negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

31. Credit Bureau negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradeline with an account status as closed.

32. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

33. As a direct and proximate cause of Credit Bureau's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Credit Bureau is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Plaintiff has a private right of action to assert claims against Credit Bureau arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Credit Bureau for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT BUREAU

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Credit Bureau willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

38. Credit Bureau willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of Credit Bureau's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. Credit Bureau is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Credit Bureau for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

43. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

44. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

45. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

50. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

51. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

52. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 28, 2020

By: */s/ **Matthew Landreau***
Matthew Landreau
AL Bar No. LAN079
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
Attorneys for Plaintiff,
*Tracey Doss*